UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES H. MAYES, #06413-089,

    Petitioner,

                                        Civil No: 08-CV-14545
                                        Honorable Denise Page Hood
                                        Magistrate Judge Paul J. Komives

v.

CHRIS ZYCH,

    Respondent.

_____/

**OPINION & ORDER DISMISSING HABEAS PETITION AS MOOT**

**I. Introduction**

    Petitioner James H. Mayes was a federal inmate who was sentenced to serve six months in prison and thirty-four days in a residential re-entry center (RRC). Currently pending before the Court is Petitioner's *pro se* application for writ of habeas corpus under 28 U.S.C. § 2241.

    Petitioner was in the custody of the Federal Bureau of Prisons ("BOP") at the Federal Correctional Institution in Milan, Michigan when he filed his habeas petition on October 27, 2008. He requests to be immediately released to an RRC so that he can seek medical treatment from his own personal physician due to health challenges he is facing. The Court finds it unnecessary to make a determination regarding Petitioner's release to an RRC facility because Petitioner was released from custody on November 21, 2008. As the following discussion demonstrates, his claims are moot.

**II. Discussion**

A court may *sua sponte* raise the question of jurisdiction. *Berger v. Cuyahoga County Bar Ass'n,* 983 F.2d 718, 721 (6th Cir. 1993). The Court, in this case, *sua sponte* raises the issue of mootness. See *Medberry v. Crosby,* 351 F.3d 1049, 1054, n.3 (6th Cir. 2003) (holding that, because mootness "strik[es] at the very heart of federal subject matter jurisdiction" it may be raised *sua sponte*).

Article III of the United States Constitution extends judicial power to cases and controversies. *See* U.S. CONST. art. III, § 2, cl.1. "To satisfy the Art[icle] III case or controversy requirement, a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision." *Iron Arrow Honor Society v. Heckler*, 464 U.S. 67, 70 (1983) (citing *Simon v. Eastern Kentucky Welfare Rights Organization,* 426 U.S. 26, 38 (1976)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings . . . . [I]t is not enough that a dispute was very much alive when [the] suit was filed . . . . The parties must continue to have a personal stake in the outcome of the lawsuit." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477-78 (citations and internal quotation marks omitted).

If an event occurs that makes it impossible for a court to grant any effectual relief, the case must be dismissed, *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992), because "[f]ederal courts lack jurisdiction to decide moot cases . . . ." *Iron Arrow Honor Society*, 464 U.S. at 70 (citing *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974)). "[A] federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" *Church of Scientology of Cal.*, 506 U.S. at 12 (quoting *Mills v.*

*Green*, 159 U.S. 651, 653 (1895)).

The BOP maintains an Inmate Locator Service which enables the public to track the location of federal inmates. The Court is permitted to take judicial notice of information on the Inmate Locator Service. *Obi v. Hogsten,* No. 05-2531, 2006 WL 42175, n. 2 (M.D. Pa. Jan. 6, 2006); *Meador v. O'Brien,* No. 04-224, 2005 WL 2133598, *4 (E.D. Ky. Aug. 31. 2005). The Inmate Locator Service indicates that Petitioner was released on November 21, 2008.

The relief Petitioner seeks in his habeas petition is an order from the Court requiring the BOP to release him from custody so that he can be transferred to an RRC. Because Petitioner has been released, the relief sought in his petition has been afforded. The Court concludes that there remains no actual injury which the Court would redress with a favorable decision. Accord *Elwood v. Sanders,* 152 Fed. Appx. 558 (8th Cir. Nov. 2, 2005) (holding that petitioner's release pending appeal rendered moot the challenge to BOP's policy preventing his transfer to a community corrections center (CCC)); *see also Chhibba v. Fed. Bureau of Prisons,* 154 Fed. Appx. 279 (3d Cir. Oct. 19, 2005).

Although an exception to the mootness doctrine exists for disputes capable of repetition, yet evading review, "[t]hat exception applies where (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration; and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Davis v. Federal Election Com'n*, 128 S. Ct. 2759, 2769 (2008) (citations and quotation marks omitted). Neither exception applies here. The challenged action was not too short to be fully litigated prior to cessation and there is no reason to believe that Petitioner will be subject to the same controversy again.

Accordingly,

IT IS ORDERED that Petitioner's "Motion for Writ of Habeas Corpus [28] U.S.C. §2241" [Dkt. #1] is **DISMISSED** WITHOUT PREJUDICE.

                                      S/Denise Page Hood
                                      Denise Page Hood
                                      United States District Judge

Dated: January 29, 2009

I hereby certify that a copy of the foregoing document was served upon Mayes James, Reg. No. 6413089, Milan Federal Correctional Institution, P. O. Box 1000, Milan, Michigan 48160 counsel of record on January 29, 2009, by electronic and/or ordinary mail.

                                      S/William F. Lewis
                                      Case Manager